1

2

3

4

5

6

7

8                     UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   STEVIE J. STEVENSON,                    No.  2:24-cv-1315 KJM CSK P

12            Plaintiff,

13        v.                                 ORDER

14   LISA WEICHOLD, et al.,

15            Defendants.

16

17        Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C.

18   § 1983 and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This

19   proceeding was referred to this Court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

20        Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).

21   Accordingly, the request to proceed in forma pauperis is granted.

22        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C.

23   §§ 1914(a), 1915(b)(1).  By this order, plaintiff is assessed an initial partial filing fee in

24   accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the Court will

25   direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account

26   and forward it to the Clerk of the Court.  Thereafter, plaintiff is obligated to make monthly

27   payments of twenty percent of the preceding month's income credited to plaintiff's trust account.

28   These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

                                              1

the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

Plaintiff is granted an opportunity to elect to proceed solely on his First Amendment retaliation claims against defendants L. Weichold and J. Popovits, or he may elect to amend his complaint as discussed below.

I.    SCREENING STANDARDS

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.

1  However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the

2  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v.

3  Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal

4  quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as

5  true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the

6  pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236

7  (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

8  II.      DISCUSSION

9           A.  Retaliation Claims Are Cognizable

10          The Court reviewed plaintiff's complaint and, for the limited purposes of § 1915A

11  screening, finds that his second cause of action ("Claim II") (ECF No. 1 at 9-14) states potentially

12  cognizable First Amendment retaliation claims against defendants L. Weichold and J. Popovits.

13  See 28 U.S.C. § 1915A.

14          B.  Eighth and Fourteenth Amendment Claims Are Not Cognizable

15          For the reasons stated below, the Court finds that plaintiff's first cause of action ("Claim

16  I") (ECF No. 1 at 3-8) does not state cognizable Eighth or Fourteenth Amendment claims against

17  either defendant L. Weichold or defendant J. Popovits, because it is based on their alleged refusal

18  to pay plaintiff his earned wages.  The Ninth Circuit holds that "the Due Process Clause of the

19  Fourteenth Amendment 'does not create a property or liberty interest in prison employment.'"

20  Walker v. Gomez, 370 F.3d 969, 973 (9th Cir. 2004) (quoting Ingram v. Papalia, 804 F.2d 595,

21  596 (10th Cir. 1986)); see also Vignolo v. Miller, 120 F.3d 1075, 1077 (9th Cir. 1997); Toussaint

22  v. McCarthy, 801 F.2d 1080, 1094-95 (9th Cir. 1986); Rizzo v. Dawson, 778 F.2d 527, 531 (9th

23  Cir. 1985); see also Hrbek v. Farrier, 787 F.2d 414, 416 (8th Cir. 1986) ("There is no

24  constitutional right to prison wages and any such compensation is by the grace of the state.").

25          In addition, the U.S. Supreme Court has held that depriving inmates of job opportunities

26  "simply [is] not [a] punishment[]," and thus, does not violate the Eighth Amendment.  Rhodes v.

27  Chapman, 452 U.S. 337, 348 (1981).  "General limitation of jobs . . . is not considered

28  punishment" under the Eighth Amendment.  Baumann v. Arizona Dep't of Corrections, 754 F.2d

841, 846 (9th Cir. 1985).  "Plaintiff's claim cannot survive screening and should be dismissed without leave to amend because '[n]either Due Process in the Fourteenth Amendment nor the Eighth Amendment protect wages for a prisoner's prison job.'"  King v. Lynch, 2022 WL 17584390, at *2 (E.D. Cal. Dec. 12, 2022) (quoting Montecastro v. Newsome, 2021 WL 1143437 (E.D. Cal. Mar. 25, 2021)).

Therefore, plaintiff's Eighth and Fourteenth Amendment claims against defendants L. Weichold and J. Popovits in Claim I are dismissed without leave to amend because plaintiff is unable to amend to challenge the nonpayment of wages in this federal civil rights action.

C.  State Law Claims Lack Compliance Allegation

Plaintiff also alleges that defendants' failure to pay his earned wages violated state law. (ECF No. 1 at 7-8.)  However, plaintiff does not allege compliance with the California Government Claims Act.[1]

Under the California Government Claims Act, set forth in California Government Code sections 810 et seq., a plaintiff may not bring a suit for monetary damages against a public employee or entity unless the plaintiff first presented the claim to the California Victim Compensation and Government Claims Board ("Board"), and the Board acted on the claim, or the time for doing so expired.  Compliance with this "claim presentation requirement" constitutes an element of a cause of action for damages against a public entity or official.  State v. Superior Court (Bodde), 32 Cal. 4th 1234, 1244 (2004).  Thus, timely presentation of a claim under the Government Claims Act is an element of the cause of action and must be pled in the complaint. Id. at 1237, 1240; see also Mangold v. Cal. Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995).  The plaintiff must present facts demonstrating compliance, rather than simply conclusions suggesting as much.  Shirk v. Vista Unified School Dist., 42 Cal. 4th 201, 209 (2007), as modified (Oct. 10, 2007).  Such requirements also apply to state law claims included in a federal

---

[1]  See Nuveen Mun. High Income Opportunity Fund v. City of Alameda, Cal., 730 F.3d 1111, 1124 (9th Cir. 2013) ("Consistent with the California Supreme Court, we 'adopt the practice of referring to the claims statutes as the Government Claims Act, to avoid the confusion engendered by the informal short title Tort Claims Act.'") (quoting City of Stockton v. Superior Court, 42 Cal. 4th 730 (2007)).

4

action under § 1983.  See Volis v. Housing Auth. of the City of L.A. Emps., 670 F. App'x 543, 544 (9th Cir. 2016).

To be timely, a claim must be presented to the Board "not later than six months after the accrual of the cause of action."  Cal. Govt. Code § 911.2.  Thereafter, "any suit brought against a public entity" must be commenced no more than six months after the public entity rejects the claim.  Cal. Govt. Code, § 945.6, subd. (a)(1).  Federal courts must require compliance with the California Government Claims Act for pendant state law claims that seek damages against state employees or entities.  Willis v. Reddin, 418 F.2d 702, 704 (9th Cir. 1969); Mangold, 67 F.3d at 1477.  State tort claims included in a federal action, filed pursuant to 42 U.S.C. § 1983, may proceed only if the claims were presented in compliance with the applicable exhaustion requirements.  Karim-Panahi v. Los Angeles Police Department, 839 F.2d 621, 627 (9th Cir. 1988); Butler v. Los Angeles County, 617 F. Supp. 2d 994, 1001 (C.D. Cal. 2008).

III.     PLAINTIFF'S OPTIONS

Plaintiff may proceed forthwith to serve defendants L. Weichold and J. Popovits and pursue his potentially cognizable First Amendment retaliation claims, or he may delay serving any defendant and attempt to allege cognizable state law claims against defendants, provided that he can demonstrate he complied with the California Government Claims Act.  If plaintiff elects to proceed forthwith against defendants L. Weichold and J. Popovits, against whom he stated potentially cognizable First Amendment claims for relief, then within thirty days plaintiff must so elect on the attached form.  In this event, the Court will construe plaintiff's election as consent to dismissal of Claim I based on defendants' refusal to pay earned wages allegedly in violation of the Eighth and Fourteenth Amendments and California state law without prejudice.  Under this option, plaintiff does not need to file an amended complaint.

Or, plaintiff may delay serving any defendant and attempt again to state cognizable state law claims against defendants based on such deprivation, provided plaintiff can demonstrate he complied with the California Government Claims Act.  If plaintiff elects to attempt to amend his complaint to include state law claims against defendants L. Weichold and J. Popovits, he has thirty days to do so.  **Plaintiff is not granted leave to add new claims or new defendants.**

5

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, plaintiff has complied with the California Government Claims Act, and plaintiff is entitled to relief if plaintiff's allegations are true.  It must contain a request for particular relief.  Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right.  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act, or omits to perform an act he is legally required to do that causes the alleged deprivation).

A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them.  See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000).  While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft, 556 U.S. at 678 (quoting Bell Atlantic Corp., 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft, 566 U.S. at 678 (citations and quotation marks omitted).  Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and not entitled to the assumption of truth.  Id.

An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220; see Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)).  Once plaintiff files an amended complaint, the original

6

1   pleading is superseded.  Plaintiff is not granted leave to add new claims or new defendants.

2       Accordingly, IT IS HEREBY ORDERED that:

3       1.  Plaintiff's requests for leave to proceed in forma pauperis (ECF Nos. 2, 7, 8) are

4   granted.

5       2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

6   is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

7   § 1915(b)(1).  All fees shall be collected and paid in accordance with this Court's order to the

8   Director of the California Department of Corrections and Rehabilitation filed concurrently

9   herewith.

10      3.  Plaintiff's Claim I (ECF No. 1 at 3-8) against defendants L. Weichold and J. Popovits,

11  alleging violations of the Eighth and Fourteenth Amendments, are not cognizable, and are

12  dismissed without leave to amend, but within thirty days of service of this order, plaintiff may

13  amend his complaint to attempt to include state law claims against these defendants, provided he

14  can allege compliance with the California Government Claims Act.  Plaintiff is not obligated to

15  amend his complaint.

16      4.  Plaintiff's allegations in Claim II (ECF No. 1 at 9-14) are sufficient to state potentially

17  cognizable First Amendment retaliation claims against defendants L. Weichold and J. Popovits.

18  See 28 U.S.C. § 1915A.  If plaintiff chooses to proceed solely as to such claims, plaintiff shall so

19  indicate on the attached form and return it to the Court within thirty days from the date of this

20  order.  In this event, the Court will construe plaintiff's election to proceed forthwith as consent to

21  an order dismissing the defective claims without prejudice.

22      5.  Failure to comply with this order will result in a recommendation that this action be

23  dismissed.

24

25  Dated:  September 11, 2024

26

27  CHI SOO KIM
    UNITED STATES MAGISTRATE JUDGE

28  /1/stev1315.14o

7

1

2

3

4

5

6

7

8                               UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   STEVIE J. STEVENSON,                      No.  2:24-cv-1315 KJM CSK P

12                  Plaintiff,

13          v.                                 NOTICE OF ELECTION

14   LISA WEICHOLD, et al.,

15                  Defendants.

16
            Plaintiff elects to proceed as follows:
17

18          _____      Plaintiff opts to proceed with his First Amendment retaliation claims
                        against defendants L. Weichold and J. Popovits.  Under this option,
19                      plaintiff consents to dismissal of plaintiff's Claim I (ECF No. 1 at 3-8)
                        alleging violations of the Eighth and Fourteenth Amendments and
20                      California state law, based on defendants' refusal to pay plaintiff earned
                        wages, without prejudice.
21

22          **OR**

23          _____      Plaintiff opts to file an amended complaint and delay service of process.

24   DATED:

25                        _____
                                          Plaintiff
26

27

28
                                             1